IN RE SEKULICH, ALLEGED DELINQUENT CHILD.
[Cite as In re Sekulich (1981), 65 Ohio St. 2d 13.]

(No. 80-534—Decided March 11, 1981.)

14

*Mr. John F. Norton,* prosecuting attorney, and *Mr. Dale F. Pelsozy,* for appellant.

*Mr. Jonathan N. Garver,* for appellee.

*Per Curiam.* In its first proposition of law, appellant asserts that "[a] finding of delinquency by a juvenile court, not accompanied by a final dispositional order, is not a final appealable order."

We find this proposition of law to be without merit.

It is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order. *In re Whittington* (1969), 17 Ohio App. 2d 164; *In re Bolden* (1973), 37 Ohio App. 2d 7.

In the cause *sub judice,* however, the trial court assessed the appellee a $50 fine and costs, in full compliance with R. C. 2151.355, which states, in pertinent part:

"(A) If a child is found by the court to be a delinquent child, the court may make any of the following orders of disposition:

"* * *

"(6) Impose a fine not to exceed fifty dollars and costs."

The imposition of a penalty, pursuant to R. C. 2151.355-(A)(6), is a dispositional order and, as such, is a final appealable order.

Appellant nevertheless points out that the order also stated that the matter was to be "[c]ertified to Cuyahoga County Juvenile Court for further disposition," and thus argues that the requisite finality of judgment was not present in this case.

Since there was a final dispositional order concerning this matter, nothing remained for certification to the Cuyahoga County Juvenile Court. The trial court exceeded its authority by attempting to both impose a fine and also transfer the matter to another jurisdiction.

R. C. 2151.271 controls the transferring of a cause from one juvenile court to another. R. C. 2151.271, in pertinent part, provides:

"* * *[A] juvenile court* * *may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory, or dispositional hearing, for such further proceeding as required.* * *"

This section does not encompass a transfer of the cause *after* a dispositional order has been made, which is the case herein. In fact, the Cuyahoga County Juvenile Court recognized that the transfer of the cause was improper, since a dispositional order had already been made by the Geauga County Juvenile Court.

Therefore, the Court of Appeals correctly determined that it had jurisdiction over the matter.

Appellant, in its second proposition of law, asserts that "[j]udgments and findings of trial courts may not be reversed as being against the manifest weight of the evidence if there is competent, credible evidence sufficient to prove all of the

essential elements of the offense." In essence, appellant contends that the Court of Appeals erroneously exercised its authority by reversing the judgment of the trial court on the basis of disputed evidence.

We find no merit in this assertion.

It is basic that a court of appeals not only has the power to review the weight of the evidence, but, if the case is a proper one and the question is properly raised, it also has the duty to do so. *Bridgeport Bank Co.* v. *Shadyside Coal Co.* (1930), 121 Ohio St. 544.

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279.

The facts in the record clearly support the decision of the Court of Appeals, which determined that there is no credible evidence supporting all the essential elements of R. C. 2903.11-(A)(2).* The record discloses numerous incidents regarding prowlers and burglars in the vicinity of appellee's residence just prior to the incident in question. The record demonstrates further that appellee had reasonable grounds for the belief that the occupants of the exiting automobile were engaged in criminal activity.

The prevailing circumstances, such as the dark surrounding area and the blinding lights, further buttress the decision of the Court of Appeals, which recognizes that an individual may use reasonable force in defense of his property.

Additionally, the facts reveal that the appellee pointed the shotgun at an unidentified vehicle and that, when ordered to put down his weapon, he complied. Only then did he discover that the occupants of the vehicle were deputy sheriffs.

Appellant cites *State* v. *Tate* (1978), 54 Ohio St. 2d 444, as precedent for a finding of a violation of R. C. 2903.11(A)(2). However, this reliance upon *Tate, supra,* is misconstrued in

---

* R. C. 2903.11 states, in part, as follows:

"(A) No person shall knowingly:

"* * *

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon * * *."

that the defendant in that case knowingly pointed a gun at a police officer, whereas, in the instant cause, the record discloses the undisputed fact that the appellee did not know he was confronting sheriff's deputies.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., KRUPANSKY, P. BROWN, SWEENEY, LOCHER, DONOFRIO and C. BROWN, JJ., concur.

KRUPANSKY, J., of the Eighth Appellate District, sitting for W. BROWN, J.

DONOFRIO, J., of the Seventh Appellate District, sitting for HOLMES, J.