NIKOLIN, ADMR., *v.*
MANDICH, APPELLANT;
RANKOV ET AL., APPELLEES.

(No. C-800499—Decided October 21, 1981.)

*Bloom & Greene Co., L.P.A.*, and *Mr. R. Lanahan Goodman*, for defendant-appellant Dorothy Mandich.

*Mr. Charles H. Tobias, Jr.*, for defendants-appellees Konstantin Rankov and Darinka Doroslovacki.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

On February 1, 1979, Michael M. Nikolin, administrator of the estate of Louis Militz, filed a complaint to determine heirship to the estate. (Militz had died intestate.) The complaint listed appellant, Dorothy Mandich, and appellees, Darinka Doroslovacki and Konstantin Rankov, as the known claimants to the estate. The action was tried before the Hamilton County Probate Judge who determined that appellees, as the decedent's niece and grand-nephew, were his sole heirs. Appellant appealed from that decision with three assignments of error presented for review.

Appellant states as her first assignment of error the trial court's admitting into evidence copies of foreign records offered by appellees.[1] Appellees cited Civ.

_____
[1] These records consist of birth, marriage, and death records from Yugoslavia.

R. 44(A)(2) as authority permitting admission of the records. Civ. R. 44(A)(2) provides:

"A foreign official record, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof; *or a copy thereof, attested by a person authorized to make the attestation, and accompanied by a final certification as to the genuineness of the signature and official position* (a) of the attesting person or (b) of any foreign official whose certificate of genuineness of signature and official position relates to the attestation or is in a chain of certificates of genuineness of signature and official position relating to the attestation. A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States. If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of the documents, the court may, for good cause shown, (a) admit an attested copy without final certification or (b) permit the foreign official record to be evidenced by an attested summary with or without a final certification." (Emphasis added.)

Appellant offers three reasons why the records were inadmissible: They were "extracts," there was no proof that the laws of Yugoslavia required that they be kept, and they contained inconsistencies and alterations.

Appellees complied with all the requirements of Civ. R. 44(A)(2), and we find the first assignment of error to be without merit. The documents were not "extracts"; they were complete copies which were properly attested and certified according to Civ. R. 44(A)(2). As supporting her contention that foreign records are inadmissible in the absence of proof that the country's laws require that they be kept, appellant cites Ohio cases decided prior to the enactment of Civ. R.

44. These cases are not, therefore, persuasive authority. In addition, the federal cases decided under Fed. R. Civ. P. 44(a)(2) (virtually identical to Ohio's rule) hold that proof of the foreign country's laws is not necessary. *New York Life Ins. Co.* v. *Aronson* (D. Pa. 1941), 38 F. Supp. 687; *United States* v. *Rodriguez Serrate* (C.A. 1, 1976), 534 F.2d 7. We also find that the inconsistencies in the records are minor and cast no doubt on their authenticity or essential veracity. See Annotation, 28 A.L.R. 2d 1443. The first assignment of error is overruled.

In her second assignment of error, appellant states that the trial court erred in admitting into evidence copies of cemetery statistical reports offered by appellees. Before such business records can be admitted, the custodian or maker of the records must appear in court to testify about them. R.C. 2317.40. When appellees offered the cemetery reports into evidence, appellant objected on the grounds of "improper identification and custody." The court sustained the objection and instructed appellees to have the reports "properly signed." The next day appellees again offered the reports, now bearing the signature of the cemetery society's business manager-treasurer and the society's seal, into evidence. The court accepted them over appellant's renewed objection.

Although appellees did not comply with the requirements of R.C. 2317.40, it is clear that appellant twice could have pointed out the specific noncompliance. This would have allowed the court to avoid the error of admitting the records. The Ohio Supreme Court, in paragraph one of the syllabus in *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98], has stated:

"An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." See *State* v. *Driscoll* (1922), 106 Ohio St. 33.

In addition, the admission of the records was harmless error as there was ample evidence, apart from the cemetery reports, which proved that appellees were decedent's sole heirs.[2]

The third assignment states that the trial court erred in its finding that appellant's mother, Mara, was illegitimate. Appellant's claims as heir are based on her being decedent's niece. At trial she sought to prove that her mother was the daughter of decedent's father, Sava. However, documentary evidence showed that although Mara's mother's name was Danka, Sava was married to a woman named Marina at the time of Mara's birth.[3] The deciding factor in the court's decision was not that appellant's mother, Mara, was illegitimate, but rather that Sava was not Mara's father.[4] The trial court's finding that appellant was not decedent's heir was supported by competent and credible evidence, and it will not be reversed on appeal. *In re Sekulich* (1981), 65 Ohio St. 2d 13, 16 [19 O.O.3d 192]. See *Whaley* v. *Whaley* (1978), 61 Ohio App. 2d 111 [15 O.O.3d 136].

We accordingly overrule the third assignment of error and affirm the decision below.

*Judgment affirmed.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.

---

[2] The evidence consists of the records from Yugoslavia mentioned above.

[3] As the parties were unable to find a copy of Mara's birth certificate, no documentary evidence exists naming her father.

Documentary evidence shows that Marina bore four children: Louis (decedent), Ljubica, Alma, and Vasa. Appellees claim heirship through decedent's sister, Ljubica.

[4] Sava's marriage ended with Marina's death three years *after* Mara's birth. Although there is evidence that decedent's father lived with Danka after Marina's death, there is no documentary evidence that he married her.