OPINION *Page 2 
{¶ 1} Appellant Chase Magers, a minor, appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, which imposed a commitment to the Ohio Department of Youth Services ("DYS") subsequent to appellant's delinquency adjudication. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 16, 2005, the State of Ohio filed a delinquency complaint (case no. A2005-0636) alleging that appellant, age sixteen at the time, had committed acts which would constitute first-degree rape if committed by an adult. The matter proceeded to an adjudicatory hearing on October 12, 2005. On that date, appellant withdrew his prior denial and entered a plea of admit to the aforesaid delinquency charge. The court thereupon adjudicated appellant a delinquent child by reason of felony rape.
 {¶ 3} On November 14, 2005, the court conducted a dispositional hearing. At the conclusion of said hearing, the court rendered dispositional orders which included, inter alia, one year of sexual offender probation and a suspended commitment to the Ohio Department of Youth Services ("DYS") for a minimum period of one year, to a maximum of the period ending with appellant's twenty-first birthday, with the condition that he have no contact with the victim or her family members.
 {¶ 4} On December 19, 2005, appellant appeared before the court on an allegation of violating probation by having contact with the victim. Appellant, following an admission, was found to be in violation of probation, and on February 1, 2006 was again ordered, inter alia, to have no contact with the victim or her family.
 {¶ 5} On July 19, 2006, appellant appeared before the court on a second allegation of violating probation in case A2005-0636, as well as an adjudicatory hearing *Page 3 
on a sexual imposition complaint under a separate case, A2006-0294. At that time, appellant entered admissions to the motion to revoke probation in A2005-0636 and to the allegation of sexual imposition in A2006-0294. On July 26, 2006, a dispositional hearing was held regarding both cases. In A2005-0636, the rape case, the trial court imposed the previously suspended commitment to DYS for a minimum period of one year, to a maximum of the period ending with appellant's twenty-first birthday.
 {¶ 6} On August 25, 2006, appellant filed a notice of appeal in each case. He herein raises the following sole Assignment of Error in his joint brief:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT DID NOT FULLY COMPLY WITH JUVENILE RULE 29 WHEN ACCEPTING THE CHILD'S ADMISSION TO RAPE."
 I. {¶ 8} In his sole Assignment of Error, appellant argues the trial court failed to comply with Juv.R. 29 in accepting his admission to rape at the hearing conducted on October 12, 2005.
 {¶ 9} As an initial matter, we must address the timeliness of appellant's appeal, which focuses solely on the delinquency adjudication based on rape in case A2005-0636.
 {¶ 10} App.R. 4(A) states: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure." *Page 4 
 {¶ 11} The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. State v. Alexander, Franklin App. Nos. 05AP-129, 05AP-245,2005-Ohio-5997, ¶ 17.
 {¶ 12} We recognize that a delinquency adjudication without a disposition is not a final appealable order. See In re Morton, Belmont App. No. 01-BA-29, 2002-Ohio-2648, ¶ 10, citing In re Sekulich (1981), 65 Ohio St.2d 13, 14, 417 N.E.2d 1014. However, in the case sub judice, appellant was adjudicated delinquent by reason of rape on October 12, 2005, and the disposition based on that adjudication was decided on November 14, 2005, at which time he was given, inter alia, probation and a suspended DYS commitment. The clock for appealing issues pertaining to appellant's plea colloquy in the rape case thus began running following the issuance of the dispositional entry of November 14, 2005. By analogy, in an adult criminal case, a judgment entry suspending a defendant's sentence and placing him on probation upon the condition that he refrain from engaging in certain conduct has been recognized as a final appealable order. See State v. Mason, Franklin App. No. 01AP-847, 2002-Ohio-2803, ¶ 19.
 {¶ 13} Accordingly, we find this Court lacks jurisdiction to address appellant's sole Assignment of Error. *Page 5 
 {¶ 14} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is dismissed.
 Gwin, P. J., and Edwards, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby dismissed.
 Costs to appellant. *Page 1