DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Andrew R., appeals his adjudication as a delinquent child and the Williams County Common Pleas Court, Juvenile Division's dispositional order. Because the court lacked jurisdiction, this appeal is dismissed. *Page 2 
 {¶ 2} On March 27, 2006, complaints were filed in the Cuyahoga County Common Pleas Court, Juvenile Division, alleging that appellant was a delinquent child by reason of having committed the offenses of criminal damaging, a second degree misdemeanor if committed by an adult, and assault, a felony of the fifth degree if committed by an adult. The charges arose while appellant was a resident of the Applewood Center, a Cleveland, Ohio, community mental health facility specializing in treating children and adolescents with psychiatric diagnoses. Appellant admitted to the truth of the charges and he was adjudicated delinquent by a magistrate. The court imposed 25 hours of community service in lieu of court cost and then transferred the case for disposition to Williams County, appellant's residence.
 {¶ 3} Appellant's dispositional hearing commenced in Williams County on August 4, 2006. Appellant's probation officer explained to the court the factual background of the charges against appellant. Specifically, that appellant attempted to escape from the Appleton Center and in the process; he punched a center worker in the mouth and broke out a center window with a shovel. The court ordered appellant committed to the custody of the Ohio Department of Youth Services for a minimum period of six 6 months to a maximum of age 21 with no credit for detention time served. Appellant now appeals setting forth the following assignments of error:
 {¶ 4} "I. Andrew Ratliff s admission was not knowing, voluntary, and intelligent, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Sections 10 and 16, Article I of the Ohio Constitution, and Juvenile Rule 29. *Page 3 
 {¶ 5} "II. The Williams County Juvenile Court did not have jurisdiction to impose a disposition upon Andrew Ratliff, and its imposition of a disposition, a commitment to the Department of Youth Services, violated the Due Process and Double Jeopardy clauses of theFifth and Fourteenth Amendments to the United States Constitution, R.C.2151.271, and In re Sekulich (1981), 65 Ohio St.2d 13.
 {¶ 6} "III. The juvenile court erred when it failed to grant Andrew Ratliff credit for time serve in detention in connection with the delinquent child complaint for which he was committed to the Ohio Department of Youth Services in violation of R.C. 2152.18(B).
 {¶ 7} "IV. Andrew Ratliff was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution."
 {¶ 8} Appellant's second assignment of error will be addressed first. Appellant contends that the Williams County Juvenile Court lacked jurisdiction to impose disposition upon appellant. We agree.
 {¶ 9} R.C. 2151.271 allows a juvenile court acquiring jurisdiction over a child, on its own motion or the motion of a party, to transfer the proceedings to the county of the child's residence either after the filing of the complaint or after the adjudicatory or dispositional hearing. However, if the transferring court issues a dispositional order, such an order becomes final and appealable and there is nothing left to transfer to the child's county of residence. In reSekulich, (1981), 65 Ohio St.2d 13. In Sekulich, a complaint *Page 4 
was filed in the Geauga County Juvenile Court alleging that Sekulich was a delinquent child by virtue of a violation of R.C. 2903.11(A)(2). At an adjudicatory hearing, Sekulich was found to be a delinquent child. A dispositional hearing was held, after which the court imposed a $50 fine and assessed court costs. In this dispositional order, the court further ordered certification of the matter to the Cuyahoga County Juvenile Court. The Ohio Supreme Court held that: "[S]ince there was a final dispositional order concerning this matter, nothing remained for certification to the Cuyahoga County Juvenile Court. The trial court exceeded its authority by attempting to both impose a fine and also transfer the matter to another jurisdiction." Id. at 15.
 {¶ 10} R.C. 2152.19(A) and 2152.20(A) set forth a variety of dispositional orders the court may impose on a child found to be delinquent. Among these are community service and the leveling of court costs. R.C 2151.19(A)(4)(d) and 2152.20(A)(2).
 {¶ 11} In the present case, the Cuyahoga Common Pleas Court, Juvenile Division, entered a dispositional order by requiring appellant to complete community service in lieu of court costs. As inSekulich, nothing remained to be transferred to Williams County. The judgment appealed is not a final order subject to appeal and the Williams County Common Pleas Court, Juvenile Division, lacked jurisdiction over this case. It follows that this court lacks jurisdiction over this case. Accordingly, the instant appeal must be dismissed. Appellee is ordered to pay the court costs of this appeal.
 APPEAL DISMISSED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1