DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, D.P., appeals an order of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated him a delinquent child. Because this Court lacks jurisdiction, we dismiss.
 {¶ 2} After a hearing before a magistrate, D.P. was adjudicated delinquent for committing acts that constituted possession of drugs, a violation of R.C. 2925.11 and a fourth-degree felony when committed by an adult, and misrepresenting identity, a violation of Akron Code § 136.15 and a first-degree misdemeanor when committed by an adult. The magistrate issued a decision on August 8, 2007, and D.P. filed objections on August 21, 2007. On December 18, 2007, the trial court issued an order that overruled D.P.'s objections and found him delinquent as set forth in the magistrate's decision. The trial court also set forth D.P.'s disposition, but did so with reference to his disposition in another case. D.P. appealed, and this Court dismissed his appeal for lack of a final appealable order on March 25, 2008. On April 10, *Page 2 
2008, D.P. moved the trial court to issue a final appealable order. The trial court issued a second order on May 14, 2008. D.P. filed this appeal on June 10, 2008.
 {¶ 3} Section 3(B)(2), Article IV of the Ohio Constitution grants courts of appeals the jurisdiction "to review and affirm, modify, or reverse judgments or final orders[.]" Similarly, R.C. 2505.01 provides that courts of appeals "have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court." The Supreme Court of Ohio has explained that it is "rudimentary" that an appeal will not lie from an order that adjudicates a child delinquent but does not order disposition. In re Sekulich (1981), 65 Ohio St.2d 13, 14.
 {¶ 4} In this case, the trial court has not ordered disposition. The magistrate's decision, to which D.P. objected, contained the following:
 "The Court issues the following Dispositional Orders:
 "· Case Dispositioned by Trial
 "· Juvenile is given credit for time served in detention.
 "· No further action. [D.P.] has been committed to ODYS in Case DL05-10-4740.
 "· Notify school superintendent and principal of adjudication."
The trial court's first order, dated December 18, 2007, stated:
 "IT IS THE ORDER OF THE COURT:
 "1. The objection to the Magistrate's Decision of August 8, 2007, filed by [DP] is hereby OVERRULED.
 "2. [D.P.] (d.o.b. 2/06/91) is hereby found delinquent by reason of committing the offense of Possession of Cocaine in violation of Ohio Revised Code § 2925.11(C)(4), a felony of the fourth degree if committed by an adult.
 "3. [D.P.] will be given credit for time served in detention. *Page 3 
 "4. [D.P.] is hereby committed to the Department of Youth Services pursuant to his disposition in Case Number DL 05-10-4740."
When this Court dismissed D.P.'s first appeal for lack of a final appealable order, D.P. obtained another order from the trial court. That order, dated May 14, 2008, stated:
 "IT IS THE ORDER OF THE COURT:
 "1. The objection to the Magistrate's Decision of August 8, 2007, filed by [DP] is hereby OVERRULED.
 "2. [D.P.] (d.o.b. 2/06/91) is hereby adjudicated delinquent by reason of committing the offense of Possession of Cocaine in violation of Ohio Revised Code § 2925.11(C)(4), a felony of the fourth degree if committed by an adult.
 "3. [D.P.] (d.o.b. 2/06/91) is hereby adjudicated delinquent by reason of committing the offense of Misrepresenting Identity in violation of Akron City Code § 136.15, a misdemeanor of the first degree if committed by an adult.
 "4. [D.P.] is hereby given credit for time served in detention.
 "5. The Clerk shall docket this case as CLOSED."
 {¶ 5} This Court has consistently held that a judgment entry must order relief unequivocally. See, e.g., Harkai v. Scherbo. (2000), 136 Ohio App.3d 211, 216. In this case, the trial court's December 2007 order did not set forth definite terms of disposition in this case; instead, the trial court incorporated — without specifics — the disposition imposed upon D.P. in a different proceeding. On March 25, 2008, this Court dismissed D.P.'s appeal from that order because the trial court's disposition of D.P. could not be ascertained. The trial court's May 2008 order contained even less information, omitting any reference to disposition with the exception of the notation that "[D.P.] is hereby given credit for time served in detention."
 {¶ 6} The disposition of D.P. in this case cannot be ascertained from the trial court's orders. The fact that D.P.'s counsel urges this Court to look to the record in another case to determine D.P.'s disposition illustrates that the record in this appeal is lacking in that respect. It *Page 4 
is indeed unfortunate that D.P. is before this Court again in an attempted appeal over which we do not have jurisdiction. But this Court's jurisdiction is not, as D.P.'s counsel maintains, a matter of "rhetorical academic debate." Until such time as the trial court issues an order that sets forth D.P.'s disposition in unequivocal terms and without reference to another proceeding, this Court cannot exercise jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 MOORE, P. J., DICKINSON, J., CONCUR. *Page 1