[Cite as *In re A.M.*, 2022-Ohio-612.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE A.M.

A Minor Child

:
:
:

No. 110551

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** March 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL20102547

***Appearances:***

Russell S. Bensing and Michael Peterson, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Benjamin Fuchs, Assistant Prosecuting Attorney, *for appellee.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Appellant A.M. challenges the judgment of the Cuyahoga County Juvenile Court adjudicating him delinquent on two counts of gross sexual imposition and one count of sexual imposition and his disposition thereof. After a thorough review of applicable law and facts, we affirm the finding of delinquency but remand this matter for redisposition.

## I. Factual and Procedural History

{¶ 2} A.M. and the victim, Y.C., were close friends and had developed a sibling-like relationship. The two had known each other for several years, beginning when Y.C.'s mother and A.M.'s father were previously in a romantic relationship.

{¶ 3} When Y.C. was 11 years old and A.M. was 14 years old, Y.C. invited A.M. over to her house to watch movies. The two socialized and watched movies for several hours, and in the evening, A.M. turned Y.C.'s face to his, kissed her, and attempted to put his hand down her shirt before he was interrupted by Y.C.'s mother. A.M. told her to "keep this between me and you."

{¶ 4} Y.C. resisted his kiss and attempts to touch her. When she left the room to go upstairs to bed, A.M. grabbed her shirt to stop her and touched her breasts. A.M. spent the night in the attic of Y.C.'s house.

{¶ 5} Immediately following this encounter, Y.C. went into the bathroom and began a group text chain with three of her friends. Within these messages, she described the events that happened that night. She further stated, "that's my friend . . . , but to be honest, I'm scared." When she testified at the trial, Y.C. clarified that she was scared that the incident with A.M. would escalate to sex.

{¶ 6} Approximately one month after the night of the incidents, Y.C.'s mother noticed a change in Y.C.'s demeanor. She looked through Y.C.'s phone and discovered the above-mentioned text messages. She confronted Y.C., who told her what had occurred with A.M. Y.C. and her mother filed a police report regarding the incidents with A.M.

**{¶ 7}** A.M. was charged with one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree, one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and one count of sexual imposition in violation of R.C. 2907.06(A)(1), a misdemeanor of the third degree.

**{¶ 8}** The juvenile court held a trial and adjudicated A.M. delinquent on all three counts. At the disposition hearing, the court committed A.M. to the Ohio Department of Youth Services ("ODYS") for a period of six months to A.M.'s attainment of the age of 21 on Counts 1 and 2, to be run concurrently. The court suspended that commitment and placed A.M. on community control. After consideration of the relevant factors, the court further ordered A.M. to register as a Tier I sex offender.

**{¶ 9}** A.M. then filed the instant appeal, raising three assignments of error for our review:

> 1. The trial court committed plain error in the admission of text messages which constituted inadmissible hearsay.
>
> 2. Appellant was denied the effective assistance of counsel, in derogation of his right to counsel, as protected by the Sixth Amendment to the United States Constitution.
>
> 3. The trial court erred in failing to merge the two counts of gross sexual imposition and the count of sexual imposition.

## II. Law and Analysis

**{¶ 10}** At the outset, we must address whether we have jurisdiction over this appeal. Following briefing in this matter, we sua sponte ordered the parties to

submit supplemental briefing addressing the existence of a final appealable order in this case. We noted that in both the transcript and the disposition entry in this case, no disposition was imposed on Count 3 and instead the trial court stated that Count 3 would be "referred to" the second count for which a disposition was entered. We ordered the parties to address *In re A.H.*, 8th Dist. Cuyahoga No. 95661, 2011-Ohio-2039, and *In re D.S.*, 8th Dist. Cuyahoga No. 95803, 2011-Ohio-5250, in relation to this case.

{¶ 11} In their supplemental briefing, both parties maintain that there was a final appealable order in this matter and that this case is distinguishable from both *In re A.H.* and *In re D.S.* because the sexual imposition count was "referred to" Count 2, which was essentially a merger of Count 3 into Count 2.

{¶ 12} A court of appeals is a court of limited jurisdiction. The Ohio Constitution limits appellate jurisdiction to the review of judgments or final orders. Ohio Constitution, Article IV, Section 3(B)(2); *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10. A final appealable order, as defined by R.C. 2505.02, includes an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1). The Supreme Court of Ohio has held that "[i]t is rudimentary that a finding of delinquency by a juvenile court, unaccompanied by any disposition thereof, is not a final appealable order." *In re Sekulich*, 65 Ohio St.2d 13, 14, 417 N.E.2d 1014 (1981).

{¶ 13} "It stands to reason that a juvenile court must render a disposition as to each count for which a juvenile is adjudicated delinquent. To hold otherwise would risk leaving issues unresolved." *In re A.H.* at ¶ 10.

{¶ 14} At the disposition hearing, the court stated as follows:

With the M-3 Sexual Imposition, that's gonna be referred to the three Gross Sexual Imposition on the F-3, that is a six-month commitment to the Ohio Department of Youth Services, minimum period of confinement, maximum until you turn 21.

On the F-4 Gross Sexual Imposition, that's six months. Those will be ran concurrently if the Court has to impose a commitment to the Ohio Department of Youth Services on those matters. I am going to suspend that commitment today.

{¶ 15} *In re A.H.* and *In re D.S.* each involved counts that were not addressed at all in the dispositional hearing or the journal entry. We determined that because there was no disposition of certain counts in each case, they both lacked a final appealable order. The instant matter can be distinguished because, while the juvenile court did not enter a disposition to the sexual imposition charge, it did state that Count 3 was "referred to" Count 2. While the court did not use the word "merge," that is clearly what it did — merged Count 3 into Count 2, which was appropriate since the charges arose out of the same conduct. The Supreme Court of Ohio has held that the merger doctrine applies to juvenile delinquency proceedings in order to protect a child's right against double jeopardy. *In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, paragraph one of the syllabus. Here, the juvenile court merged the sexual imposition and second gross sexual imposition count and entered a disposition for Count 2. Thus, there was a disposition for all

counts, and the court's disposition entry constituted a final appealable order. We will therefore proceed to the merits of this appeal.

## A. Hearsay

{¶ 16} In A.M.'s first assignment of error, he argues that the juvenile court erred by allowing the admission of text messages that constituted hearsay.

{¶ 17} Preliminarily, we note that A.M. did not object to the admission of the text messages during the trial, and thus, we review only for plain error. Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights, i.e., affected the outcome of the case. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 18} However, even if an error satisfies these prongs, appellate courts are not required to correct the error. Courts are to notice plain error under Crim.R. 52(B), '"with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). The "extremely high burden" of demonstrating plain error is on the defendant. *State v. Chapman*, 8th Dist. Cuyahoga No. 107375, 2019-Ohio-1452, ¶ 20.

{¶ 19} During the trial, the state introduced as an exhibit, screenshots of the group chat text messages between Y.C. and her friends following the incidents that

occurred with A.M. Y.C. was asked about the messages and when they were sent. She testified that they were sent on November 12, 2018, the day of the events in question.

**{¶ 20}** The text messages exhibit further contained a message from November 17, 2018, where Y.C. told her friends that she needed to talk about the situation. She testified that she was looking for comfort. One of her friends asked whether she told her mother, and Y.C. responded that it would be "hard" for her to do that. She testified that she did not tell her mother because she was scared that "it was going to be [Y.C.'s] fault."

**{¶ 21}** A.M. argues that the text messages constituted hearsay and did not fall under any of the exceptions to hearsay. He contends that they were not present sense impression nor were they excited utterances. A.M. asserts that he was prejudiced by the admission of the text messages and the judge's reliance upon them.

**{¶ 22}** A trial court has broad discretion regarding the admission of evidence, including whether evidence constitutes hearsay and whether it is admissible hearsay. *Solon v. Woods*, 8th Dist. Cuyahoga No. 100916, 2014-Ohio-5425, ¶ 10. We therefore will not disturb a trial court's decision regarding the admissibility of hearsay evidence absent an abuse of discretion. *Id.*, citing *State v. Maurer*, 15 Ohio St.3d 239, 265, 473 N.E.2d 768 (1984).

**{¶ 23}** "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted. Evid.R. 801(C). Hearsay is generally not admissible unless it falls within one of the exceptions to the rule against hearsay. Evid.R. 802, 803, 804; *State v. Steffen*, 31 Ohio St.3d 111, 509 N.E.2d 383 (1987). Statements constitute hearsay only if they were offered to prove the truth of the matters asserted in those statements. If those statements were offered for some other purpose, they are not inadmissible hearsay. *State v. Davis*, 62 Ohio St.3d 326, 344, 581 N.E.2d 1362 (1991).

{¶ 24} Evid.R. 801(D)(1) deals with prior statements of a witness. The rule provides, in pertinent part:

> (D) Statements which are not hearsay.
>
> A statement is not hearsay if:
>
> (1) Prior statement by witness.
>
> The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (b) Consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive * * *.

Evid.R. 801(D)(1)(b).

{¶ 25} The Staff Notes accompanying Evid.R. 801 provide that "the rule does not limit the use of such statements for either impeachment or rehabilitative purposes. The statements may be used as substantive evidence of the matters asserted."

{¶ 26} Consequently, a prior out-of-court statement by a witness does not constitute hearsay if the "'declarant testifies at trial or hearing and is subject to cross-

examination concerning the statement,' and the statement is 'consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive.'" *State v. Shropshire*, 2017-Ohio-8308, 99 N.E.3d 980, ¶ 23 (8th Dist.), quoting Evid.R. 801(D)(1); *State v. Pritchard*, 8th Dist. Cuyahoga No. 78497, 2001 Ohio App. LEXIS 3400, 8 (Aug. 2, 2001).

{¶ 27} In the instant matter, during A.M.'s trial counsel's opening statement, he characterized the forthcoming testimony from Y.C. and her mother as "an exaggeration of what really occurred" on the date in question. He further stated that Y.C. and her mother had exaggerated what had transpired between A.M. and Y.C. as retribution against A.M.'s father and family.

{¶ 28} Thus, A.M.'s trial counsel implied that Y.C. was both fabricating her story and had an improper motive in doing so. "Attacking a victim's credibility during opening statement has been found to constitute sufficient grounds for permitting a prior consistent statement into evidence pursuant to Evid.R. 801(D)(1)(b)." *State v. Abdussatar*, 8th Dist. Cuyahoga No. 86406, 2006-Ohio-803, ¶ 15, citing *State v. Johnson*, 2d Dist. Montgomery No. 15253, 1996 Ohio App. LEXIS 1679 (Apr. 26, 1996); *State v. Hoskins*, 2d Dist. Clark No. 94-CA-42, 1995 Ohio App. LEXIS 2899 (June 28, 1995); *Stadler v. Rankin*, 10th Dist. Franklin No. 92AP-1269, 1993 Ohio App. LEXIS 3415 (June 29, 1993).

{¶ 29} Because defense counsel contended that Y.C. and her mother fabricated the charges, and because Y.C. testified and was subject to cross-

examination, the trial court did not err by allowing the text messages to be admitted into evidence. The text messages fall squarely within the ambit of Evid.R. 801(D)(1) and did not constitute hearsay. A.M.'s first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 30} In A.M.'s second assignment of error, he argues that his trial counsel was ineffective by failing to object to the admission of the text messages discussed above.

{¶ 31} A.M. has the burden of proving ineffective assistance of counsel over a strong presumption that a properly licensed trial counsel rendered adequate assistance. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). In order to demonstrate ineffective counsel, a defendant must show, not only that his counsel's representation was deficient, but also that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland, supra*, at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley, supra*, at paragraph two of the syllabus; *see also Strickland, supra*, at 687.

{¶ 32} We find A.M.'s argument in this assignment of error lacks merit. We determined in our analysis of A.M.'s first assignment of error that the text messages

were admissible. A defense counsel's failure to object is not ineffective assistance of counsel if the evidence is admissible. *State v. Jackson*, 8th Dist. Cuyahoga No. 86105, 2006-Ohio-174, ¶ 87. As stated by the Supreme Court of Ohio, "counsel is not deficient for failing to raise a meritless issue." *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 117, citing *State v. Taylor*, 78 Ohio St.3d 15, 31, 676 N.E.2d 82 (1997). Accordingly, we do not find appellant's counsel deficient in his performance.

### C. Merger of Counts 1, 2, and 3

{¶ 33} In A.M.'s third assignment of error, he argues that the trial court erred in failing to merge the two counts of gross sexual imposition and the count of sexual imposition. A.M. contends that the offense arose out of a single incident and constituted allied offenses of similar import.

{¶ 34} The state concedes this error.

{¶ 35} We note that Count 3 was merged with Count 2, but find that all of the counts should have been merged for purposes of disposition. Thus, we must sustain A.M.'s third assignment of error and remand the case to the juvenile court to merge the adjudications for purposes of redisposition.

### III. Conclusion

{¶ 36} The trial court did not err in admitting text messages by Y.C. because they did not constitute hearsay under Evid.R. 801(D)(1), and A.M.'s trial counsel was not ineffective for failing to object to the text messages. A.M.'s first two assignments of error are overruled.

**{¶ 37}** A.M.'s third assignment of error is sustained because all three counts should have been merged for purposes of disposition. We remand this matter for redisposition with the offenses properly merged.

**{¶ 38}** Finding of delinquency affirmed; cause remanded to the lower court for disposition consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution. The finding of delinquency having been affirmed, any bail or stay of execution pending appeal is terminated. Case remanded to the trial court for redisposition.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR