[Cite as *In re D.L.*, 2023-Ohio-4029.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

IN THE MATTER OF:

D.L., DELINQUENT CHILD

CASE NOS. 2022-L-107
2022-L-108

Criminal Appeals from the
Court of Common Pleas,
Juvenile Division

Trial Court Nos. 2022 DL 01022
2022 DL 01020

## O P I N I O N

Decided: November 6, 2023
Judgment: Vacated and remanded

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Appellee, State of Ohio).

*Timothy Young*, Ohio Public Defender, and *Lauren Hammersmith*, Assistant Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Appellant, D.L.).

EUGENE A. LUCCI, J.

{¶1}   Appellant, D.L., appeals the judgments of the Lake County Juvenile Court issuing dispositional orders in two separate cases.  We vacate the judgments and remand the matters to the trial court with instructions to return the cases to the Cuyahoga County Juvenile Court with a copy of this opinion.

{¶2}   In 2022, three delinquency complaints were filed against D.L., a resident of Lake County, in three cases in the Juvenile Division of the Cuyahoga County Court of

Common Pleas, based upon incidents alleged to have occurred in Cuyahoga County. These appeals pertain to two of these cases.

{¶3} In Cuyahoga County Juvenile Court case number DL2210037, a complaint was filed in early 2022 alleging D.L. to be a delinquent child within the meaning of R.C. 2152.02(E) based upon allegations that he committed burglary and obstructed official business. After originally denying the allegations of the complaint, D.L. admitted the allegations of an amended count of burglary, in violation of R.C. 2911.12(A)(3), classified as a third-degree felony, and admitted the count alleging obstruction of official business, in violation of R.C. 2921.31(A), classified as a second-degree misdemeanor. The court accepted the admissions and adjudicated D.L. delinquent on these counts. Thereafter, the court issued an entry ordering the matter be transferred to the Lake County Juvenile Court ("the trial court") "for further proceedings pursuant to Juvenile Rule 11."[1]

{¶4} In Cuyahoga County Juvenile Court case number DL22103549, a complaint was filed alleging D.L. to be a delinquent child within the meaning of R.C. 2152.02(E) for committing several offenses, including offenses that would constitute felonies if committed by an adult. These allegations stemmed from an incident whereby D.L. and three others (two juveniles and one adult) stole a vehicle from a woman at gunpoint. D.L. initially denied the allegations contained in the complaint. However, in September 2022, the Cuyahoga County Juvenile Court issued an entry indicating that the parties had reached a resolution whereby D.L. would admit to allegations of an amended complaint alleging one count of aggravated assault, in violation of R.C. 2903.12(A)(2), classified as

---

1. The third complaint pertained to allegations that D.L. committed a misdemeanor assault. Although this case was heard with the other two cases, we have limited information regarding the assault case, as the disposition in that case was not appealed.

2

a fourth-degree felony, together with an attendant firearm specification pursuant to R.C. 2941.145(A), and grand theft, in violation of R.C. 2913.02(A)(1), classified as a felony of the fourth degree. The court accepted D.L.'s admissions and adjudicated him delinquent. The court found the total restitution owed to the victim was $3,000.00 and ordered D.L. to pay "the maximum amount of $1,000 plus a five percent processing fee to the victim[.]" The entry then found D.L. to be a resident of Lake County, Ohio, and ordered that the matter be transferred to the trial court "for further proceedings pursuant to Juvenile Rule 11."[2]

{¶5} Thereafter, the trial court accepted transfer of the cases, renumbering case number DL2210037 as 2022DL01022, and DL22103549 as case number 2022DL01020. The Lake County Juvenile Court subsequently set the cases for "disposition."

{¶6} On October 12, 2022, the Lake County Juvenile Court held a dispositional hearing on both cases as well as the third case that is not before us in this appeal.

{¶7} Thereafter, in case number 2022DL01022, the trial court committed D.L. to the Department of Youth Services ("DYS") for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed D.L. attaining twenty-one years of age on the burglary count, to be served consecutively to the term of commitment imposed in case number 2022DL01020. On the obstructing official business count, the court ordered D.L. to serve 90 days of confinement at the juvenile detention facility, suspended based on compliance with the rules of parole. The court ordered the detention

---

2. The Cuyahoga County Juvenile Court also ordered transfer of the misdemeanor assault case to the trial court.

3

commitment to be served consecutively to the commitment ordered on the burglary count. D.L. appealed this entry in our case number 2022-L-107.[3]

{¶8} In case number 2022DL01020, the trial court committed D.L. to DYS for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed D.L. attaining twenty-one years of age on the aggravated robbery count and to a consecutive period of commitment of three years on the firearm specification. On the grand theft count, the court committed D.L. to DYS for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed D.L. attaining twenty-one years of age. The court then stated that this "commitment is merged with the commitment ordered" in the aggravated robbery count. The court further ordered D.L. to make restitution to the victim in the amount of $3,000.00, for which he was jointly and severally liable with his two co-delinquents and one co-defendant. D.L. appealed this entry in our case number 2022-L-108.

{¶9} This court sua sponte consolidated these appeals for all purposes.

{¶10} In his first assigned error, D.L. maintains:

> The Lake County Juvenile Court did not have jurisdiction to impose a disposition upon D.L. in case no. 2022 DL0120 and its imposition of a disposition, a commitment to the Department of Youth Services, violated the Due Process and Double Jeopardy clauses of the Fifth and Fourteenth Amendments to the United States Constitution, Sections 10 and 16, Article I of the Ohio Constitution, R.C. 2151.271, and *In re Sekulich* (1981), 65 Ohio St.[2]d 13, 417 N.E.2d 1014.

{¶11} R.C. 2151.271 provides, in relevant part:

> Except in a case in which the child is alleged to be a serious youthful offender under section 2152.13 of the Revised Code,

---

3. Pursuant to the transcript, on the misdemeanor assault case that is not before us, the court ordered a suspended commitment to the Lake County Detention Facility for a period of 90 days.

4

Case Nos. 2022-L-107 and 2022-L-108

if the child resides in a county of the state and the proceeding is commenced in a juvenile court of another county, that court, on its own motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory, or dispositional hearing, for such further proceeding as required. The court of the child's residence shall then proceed as if the original complaint had been filed in that court. Transfer may also be made if the residence of the child changes. The proceeding shall be so transferred if other proceedings involving the child are pending in the juvenile court of the county of the child's residence.

*See also* Juv.R. 11. R.C. 2151.271 and Juv.R. 11 pertain to the transfer of venue and do not address jurisdiction. *In re W.W.*, 190 Ohio App.3d 653, 2010-Ohio-5305, 943 N.E.2d 1055, ¶ 21 (11th Dist.).

{¶12} Thus, aside from serious youthful offender cases, a decision to transfer a juvenile case to the juvenile court of the child's residential county is discretionary if the child does not have any pending juvenile proceedings in his county of residence. *In re S.M.*, 4th Dist. Lawrence No. 09CA5, 2009-Ohio-3118, ¶ 25. However, such a transfer is mandatory if juvenile proceedings are pending in the child's county of residence. *Id.* at ¶ 22 ("Juv.R. 11(B) and the last sentence of R.C. 2151.271 make a change of venue mandatory if other proceedings are pending in the juvenile court of the county where the child resides."). "'Pending is defined as "[b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; * * *[.] Thus an action or suit is 'pending' from its inception until the rendition of final judgment."'" *Id.* at 24, quoting *In re Don B.*, 6th Dist. Huron No. H-02-033, 2003-Ohio-1400, fn.1, quoting Black's Law Dictionary 1021 (5th Ed.1979).

{¶13} Here, there is no indication that any proceedings involving D.L. were pending in the Lake County Juvenile Court when the Cuyahoga County Juvenile Court

5

Case Nos. 2022-L-107 and 2022-L-108

ordered transfer of the cases. Prior to issuing the orders transferring the cases, the Cuyahoga County Juvenile Court addressed the issue of transfer at a hearing, finding D.L. to be a resident of Lake County and stating that "all three of these matters * * * will be transferred into Lake County for disposition." The court notified D.L. that "the person who will be handling the disposition in your case will be a Judge or a Magistrate in Lake County." Thus, the Cuyahoga County Juvenile Court's reason for transfer appears to be based to some extent on the three cases being disposed of together in D.L.'s residential county.

{¶14} Although R.C. 2151.271 and Juv.R. 11 generally give discretion to a juvenile court to transfer venue to the child's county of residence, "[R.C. 2151.271] does not encompass a transfer of the cause after a dispositional order has been made[.]." *In re Sekulich*, 65 Ohio St.2d 13, 15, 417 N.E.2d 1014 (1981). Where a dispositional order is entered, a juvenile court exceeds its authority by also transferring the matter to another juvenile court for disposition. *Id.*

{¶15} Here, D.L. has limited his first assigned error to Lake County Juvenile Court case number 2022DL01020 (the aggravated robbery case). As set forth above, the Cuyahoga County Juvenile Court transferred this matter to Lake County, where D.L. resides, after it ordered D.L. to pay restitution of $1,000.00. The order of restitution is a dispositional order pursuant to R.C. 2152.19 and 2152.20. Accordingly, D.L. contends that the Cuyahoga County Juvenile Court exceeded its authority in transferring this case to the Lake County Juvenile Court. The state concedes error, and we agree. Therefore, D.L.'s first assigned error has merit.

6

{¶16} Although D.L. limited his first assigned error to the aggravated robbery case, at oral argument, the parties agreed that dispositions in both the aggravated robbery case and the burglary case (Lake County case no. 2022DL01022) should be vacated, and these matters remanded to the trial court to be returned to the Cuyahoga County Juvenile Court for further proceedings. Although we are not bound by the parties' agreed resolution of the appeals, we conclude that the previously unraised issue is now properly before us by agreement of the parties.

{¶17} Unlike the aggravated robbery case, the Cuyahoga County Juvenile Court did not issue a dispositional order in the burglary case. Thus, it was within the Cuyahoga County Juvenile Court's discretion to transfer the burglary case to Lake County Juvenile Court pursuant to R.C. 2151.271 and Juv.R. 11. As discussed above, it appears that the Cuyahoga County Juvenile Court intended these cases be transferred for disposition together. However, for the reasons addressed above, Lake County Juvenile Court was precluded from issuing a dispositional order in the aggravated robbery case. Moreover, the Lake County Juvenile Court's disposition of the misdemeanor assault case is undisturbed, as it was not appealed. Accordingly, based on the unique circumstances of this case, we conclude that the disposition of the burglary case should be vacated and the case returned to the Cuyahoga County Juvenile Court for further proceedings because the intended simultaneous disposition of all three cases, on which the Cuyahoga County Juvenile Court appeared to rely in exercising its discretion, cannot be achieved.

{¶18} In his second assigned error, D.L. contends:

> The Court abused its discretion by failing to consider the overriding purposes of juvenile dispositions when it imposed a minimum four and a half year cumulative commitment to DYS as a disposition.

7

{¶19} Our resolutions of the first assigned error and of the issue raised by the parties at oral argument renders the second assigned error moot.

{¶20} The judgments are vacated, and these matters are remanded to the trial court with instructions to return the two cases at issue herein, along with a copy of this order, to the Cuyahoga County Juvenile Court for further proceedings.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case Nos. 2022-L-107 and 2022-L-108