[Cite as *Solon v. Woods*, 2014-Ohio-5425.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100916**

**CITY OF SOLON**

PLAINTIFF-APPELLEE

vs.

**VALERIE J. WOODS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Bedford Municipal Court
Case No. 12 CRB 00522

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 11, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Lon D. Stolarsky
Prosecutor
City of Solon
5333 Northfield Road, Suite 250
Bedford Heights, Ohio 44146

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Valerie J. Woods ("Woods"), appeals her menacing conviction. We find no merit to the appeal and affirm.

{¶2} Woods was charged with aggravated menacing, in violation of R.C. 2903.21. Multiple witnesses testified at trial and provided varying accounts of the facts giving rise to this case. The victim, David Brashear ("Brashear"), testified that he was sitting on the front porch of his parents' house with his grandmother and observed Woods scattering grass seed in her yard. Some of the seeds were falling on Brashear's parents' property. Brashear and his grandmother ignored Woods until she attempted to remove one his parents' bushes.

{¶3} Brashear testified that he kindly asked Woods to stop pulling on the bush, and Woods responded with profanities. Brashear and Woods argued for a few minutes before Woods drew a revolver out of her fanny pack and aimed it at Brashear. Brashear, who is a combat veteran of the Iraq war, retreated backwards towards his parents' house and called the police.

{¶4} Woods's husband, William Glendle ("William"), and her daughter, Kaya Glendle ("Kaya"), told a different story. William was sitting on his front porch while Woods and Kaya were scattering grass seed. According to Kaya, as Woods approached the neighboring property, Brashear walked up to her and commanded: "Get off my property you black B." Both William and Kaya denied that Woods brandished a gun during the argument.

{¶5} It is undisputed, however, that approximately six Solon police officers responded to the scene as a result of a 911 call. Sergeant Donald Haines ("Haines") and another officer located Woods and handcuffed her. They patted her down, did not find a gun on her person, and questioned her about the gun. According to Haines, after first denying it, Woods admitted she owned a gun and invited the police inside her home to look at it. She presented the officers with

a semiautomatic pistol, and the officers showed it to Brashear, who responded: "That's not the gun she pointed at me." Brashear told police the gun was a .38 caliber revolver, not a semiautomatic pistol.

{¶6} The officers returned to Woods's home to question her about owning a revolver. William admitted to police that Woods owned a revolver, but Woods stated that it was at her sister's house in Cleveland. The police continued to press her, and she eventually admitted there was a revolver in a tin can in the kitchen. Haines searched the tin can and found .38 caliber bullets, but no gun.

{¶7} After further discussion, Kaya told police where to find the gun. Haines explained:

> Her daughter, I believe her name is Kaya, who was present * * * during this whole incident, said to me that the revolver went down in the basement. So she directed me down to her basement and she said it's in the clothes dryer. I opened the clothes dryer and inside I found a Ruger LCR revolver, .38.

Haines showed the revolver to Brashear, who positively identified it as the gun Woods had pointed at him. Haines subsequently arrested Woods, who was charged with aggravated menacing.

{¶8} At the conclusion of the trial, a jury found Woods not guilty of aggravated menacing, but guilty of the lesser included offense of menacing. The trial court sentenced Woods to 30 days in jail and imposed a $250 fine. The court suspended the jail sentence and placed her on 12 months of active probation. Woods now appeals and raises two assignments of error.

## Hearsay

{¶9} In the first assignment of error, Woods argues the trial court erred by admitting hearsay testimony into evidence. She contends Haines's testimony that Kaya told him where he could find the revolver should have been excluded.

**{¶10}** A trial court has broad discretion with respect to the admission of evidence, including whether evidence constitutes hearsay and whether it is admissible hearsay. *State v. Johnson*, 8th Dist. Cuyahoga No. 99715, 2014-Ohio-2638, ¶ 92. We therefore will not disturb a trial court's decision regarding the admissibility of hearsay evidence absent an abuse of discretion. *State v. Maurer*, 15 Ohio St.3d 239, 473 N.E.2d 768 (1984).

**{¶11}** Woods failed to object to the alleged hearsay at trial, and has therefore waived all but plain error. *Johnson* at ¶ 92. Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." However, plain error only occurs when, but for the error, the outcome of the trial clearly would have been different. *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978); *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001). Notice of plain error should be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long* at 97.

**{¶12}** Hearsay is an out-of-court statement offered for the truth of the matter asserted and is generally not admissible at trial. Evid.R. 801(C). A statement is not hearsay when offered for a purpose other than to prove the truth of the matter asserted. *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 118. For example, testimony offered to explain an officer's conduct while investigating a crime is not hearsay and is admissible. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 98, citing *State v. Thomas*, 61 Ohio St.2d 223, 232, 400 N.E.2d 401 (1980).

**{¶13}** However, testimony offered to explain police conduct is admissible as nonhearsay only if the conduct to be explained (1) is relevant, equivocal, and contemporaneous with the statements, (2) the probative value of statements are not substantially outweighed by the danger

of unfair prejudice, and (3) the statements do not connect the accused with the crime charged. *State v. Ricks*, 136 Ohio St.3d 356, 2013-Ohio-3712, 995 N.E.2d 1181, ¶ 27. *See also State v. Blevins*, 36 Ohio App.3d 147, 149, 521 N.E.2d 1105 (10th Dist.1987). Kaya's out-of-court statement satisfies this "*Ricks* test."

{¶14} Kaya's statement to police that the gun was hidden in a clothes dryer in the basement was offered to explain how the police found the gun that was later identified as the gun that was pointed at the victim. It was relevant because it established the chain of custody between the discovery of the gun and the victim's identification of it. The act of searching in the dryer is equivocal because, without an explanation, the jurors would be confused as to why Haines looked in the dryer. The statement was contemporaneous because as soon as Kaya made the statement, she led Haines to the dryer where the revolver was found. Therefore, the first prong of the *Ricks* was satisfied.

{¶15} Under the second prong of the *Ricks* test, the probative value of the evidence must not be outweighed by unfair prejudice. "Probative evidence" is evidence that "contributes toward proof." *Black's Law Dictionary* 1203 (6th Ed.1991). Exclusion of evidence on the basis of unfair prejudice requires more than mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be inadmissible under Evid.R. 403. *State v. Crotts*, 104 Ohio St.3d 432, 2004-Ohio-6550, 820 N.E.2d 302, ¶ 24.

{¶16} "'"Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision.'"" *Id*., quoting *Oberlin v. Akron Gen. Med. Ctr.*, 91 Ohio St.3d 169, 172, 743 N.E.2d 890 (2001), quoting Weissenberger's *Ohio Evidence,* 85-87, Section 403.3 (2000). "[I]f the evidence arouses the jury's emotional sympathies, evokes a sense of horror, or

appeals to an instinct to punish, the evidence may be unfairly prejudicial." *Id*. Unfairly prejudicial evidence often appeals to the jury's emotions rather than intellect. *Id*.

{¶17} Woods relies on *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, to support his argument that evidence of Kaya's statement to police was unfairly prejudicial. In *Pawlak*, this court determined that Pawlak's trial counsel was ineffective for failing to object to inadmissible character evidence. Pawlak was on trial for allegedly sexually abusing some children, and his trial counsel failed to object to evidence that Pawlak had relationships with other underage girls. This court concluded that the only plausible reason for offering this evidence was "to show that Pawlak has an attraction to much younger women; thus, using this character trait to show that he acted in conformity therewith by engaging in sexual contact with these five minor girls." Such an inference is specifically prohibited by Evid.R. 404(B) because it is unfairly prejudicial.

{¶18} The challenged evidence in this case is very different from the character evidence at issue in *Pawlak*. Although Kaya's statement that the gun was hidden in the dryer was adverse to Woods's defense, it merely described how the gun was found and established the gun's chain of custody until Brashear identified it. It was not the kind of evidence that might result from an impermissible inference about Woods's character. Nor would it invoke sympathy for the victim or incite a passion for punishment. Therefore, Kaya's statement regarding the gun's location was not unfairly prejudicial.

{¶19} Woods contends Kaya's statement to Haines that "she saw her mother come in the house, took [the gun] out of this fanny pack and put it in the tin container inside the kitchen," connects Woods with the crime and is therefore hearsay. However, the location of the revolver in the kitchen and the dryer did not connect Woods with the crime, but it was probative. Woods

was convicted of menacing, because she aimed a gun at Brashear. The connection between Woods's possession of the revolver and the crime of menacing was not established until Brashear positively identified the gun as the .38 caliber revolver that Woods pointed at him. Therefore, Kaya's out-of-court statement did not connect Woods to the crime.

{¶20} Furthermore, even if Kaya's out-of-court statement had been excluded, the result of the trial would not have been different. Haines could still have testified that he found the .38 caliber revolver in Woods's dryer and that Brashear positively identified it as the weapon used in the crime. Moreover, Woods admitted to police she owned a revolver and that she had been carrying it in her fanny pack. (Tr. 22.) This evidence would have been sufficient, credible evidence to sustain the menacing conviction even without Kaya's out-of-court statement.

{¶21} The first assignment of error is overruled.

### Ineffective Assistance of Counsel

{¶22} In the second assignment of error, Woods argues her Sixth Amendment right to the effective assistance of counsel was violated because her trial counsel failed to object to hearsay evidence.

{¶23} To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. A defendant must show that counsel acted unreasonably and that but for counsel's errors, there exists a reasonable probability that the result of the proceeding would have been different. *Strickland* at 696; *Bradley* at paragraph three of the syllabus. In

making this determination, the reviewing court must presume that counsel's conduct was competent. *Id.*

**{¶24}** Woods argues his trial counsel was ineffective because he failed to object to Haines's testimony regarding Kaya's out-of-court statements. However, for the reasons explained above, Haines's testimony regarding Kaya's out-of-court statements was not hearsay and was admissible under *Ricks*, 136 Ohio St.3d 356, 2013-Ohio-3712, 995 N.E.2d 1181, at ¶ 27, and *Blevins*, 36 Ohio App.3d at 149, 521 N.E.2d 1105. Even if Woods's trial counsel had objected to the evidence, it would have nevertheless been admitted. Therefore, Woods's trial counsel was not deficient for failing to object to that evidence.

**{¶25}** The second assignment of error is overruled.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR