[Cite as *State v. Sinclair*, 2018-Ohio-3363.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105726**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LOGAN DANIEL SINCLAIR**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601632-A

**BEFORE:** Laster Mays, J., E.A. Gallagher, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 23, 2018

-i-

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:     Daniel A. Cleary
        Kerry A. Sowul
Assistant County Prosecutors
Justice Center,    9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Logan Daniel Sinclair ("Sinclair"), appeals his jury convictions on multiple criminal counts arising from two separate events occurring on November 28, 2015, resulting in a life sentence with parole eligibility after 50 years. After a review of the record, we affirm.

## I. Charges and Sentence

{¶2} On December 7, 2015, Sinclair was indicted on the following counts:[1]

**Count** **Charge**

| Count | Charge |
|---|---|
| Count 1 | Aggravated murder of Robert Sposit, R.C. 2903.01(A) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 2 | Aggravated murder of Robert Sposit, R.C. 2903.01(B) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 3 | Murder of Robert Sposit, R.C. 2903.02(B) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 4 | Aggravated robbery of Robert Sposit, R.C. 2911.01(A)(3) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 5 | Aggravated robbery of Robert Sposit, R.C. 2911.01(A)(1) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 6 | Felonious assault of Robert Sposit, R.C. 2903.11(A)(1) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |

**Count** **Charge**

---

[1] The victims are further identified below.

| Count 7 | Felonious assault of Steve Oska, Sr., R.C. 2903.11(A)(1) with one- and three-year firearm specifications (R.C. 2941.141, R.C. 2941.145). |
|---|---|
| Count 8 | Felonious assault of Steve Oska, Jr., R.C. 2903.11(A)(1) with one- and three-year firearm specifications (R.C. 2941.141, R.C. 2941.145). |
| Count 9 | Kidnapping of Robert Sposit, R.C. 2905.01(A)(2) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 10 | Aggravated robbery of Carlo Russo, R.C. 2911.01(A)(1) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 11 | Kidnapping of Carlo Russo, R.C. 2905.01(A)(2) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 12 | Aggravated robbery of Hassib Merhi, R.C. 2911.01(A)(1) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |
| Count 13 | Kidnapping of Hassib Merhi, R.C. 2905.01(A)(2) with one- and three-year firearm specifications (R.C. 2941.141 and 2941.145). |

## II. Proceedings

### A. Pretrial Matters

{¶3} The case was set for trial on October 24, 2016. The defense announced that Sinclair desired to enter a plea, but the trial court chose to initially address the results of Sinclair's competency examination following his suicide attempt the previous week. The court's psychiatric clinic determined that Sinclair was "competent within a reasonable psychological certainty and also ineligible for mental health court participation." (Tr. 29-30.) Both the state and defense counsel stipulated to the report.

{¶4} Sinclair then entered into the plea agreement that included a minimum sentence of

life with parole eligibility at 26 years, and a maximum sentence of life without parole. On November 10, 2016, the trial court held a hearing on Sinclair's motion to withdraw the guilty plea based on: (1) his limited opportunity to consult with counsel in light of the magnitude of the matter, (2) his relative youth at 21 years of age, and (3) lack of experience with the criminal justice system. After an in camera review of the crime scene security video in the presence of counsel, the trial court granted the motion. The on-the-record discussion after the video review revealed that, due to the frequently shifting security camera angles, the parties disagreed on what the videos actually depicted.

### B.    Trial

**{¶5}**    Hassib Merhi ("Merhi") testified that on November 28, 2015, while he was doing paperwork at the front counter by the register at Charlie's Beverage on Ridge Road in Cleveland, Sinclair entered the store. Another worker, Carlo Russo ("Russo"), was in the rear of store.

**{¶6}**    Sinclair entered the store as though shopping, wearing a winter hat that was pulled down covering most of his face. Sinclair turned and walked toward Merhi, pointed a black gun and removed $40 from the register. Appellant warned Merhi that he would shoot him if he followed. Appellant left the store. Russo observed the entire incident. Merhi called 911 and the incident was recorded by the security video.

**{¶7}**    Shortly afterward, a robbery occurred at a Sunoco station in Parma. Father and son, Steve Oska, Sr. ("Oska, Sr.") and Steve Oska, Jr. ("Oska, Jr."), who are both hearing impaired, pulled into the station about 9:00 p.m. and saw a male entering the building wearing what appeared to be a hoodie partially covering his face. Oska, Jr. saw the male, later identified as the appellant, pointing a gun at the owner, Robert Sposit ("Sposit"), whose hands were raised.

{¶8}    Oska, Jr. and Oska, Sr. blocked the door from the outside, stopping appellant from leaving.   Sposit pulled out a gun and shot Sinclair as he was departing.   Sinclair fell to the floor.   While Sposit was attempting to hold Sinclair down, Oska, Sr. and Oska, Jr. entered, and Sposit told Oska, Jr. to call 911.

{¶9}    While the appellant and Sposit struggled on the floor, appellant's gun "was concealed in his pocket."   (Tr. 395.)   "The robber [appellant] took the gun out of his pocket. But dad grabbed his wrist."   (Tr. 397.)   Oska, Jr. could tell by the vibration when shots were fired.   By the time the police arrived at the scene, Sinclair had run out of the store, dropping his gun.   Sposit was dead.

{¶10}    Detective Jonathan Fullerton ("Det. Fullerton") of the Parma Police Department ("PPD") obtained vehicle registration information for the tan sedan driven by Sinclair, a young blond male.   He was familiar with the registered owner due to a prior complaint and believed a younger male matching the appellant's description also resided at the listed address.   After arriving at the listed address, Det. Fullerton observed fresh blood spots in a tan Toyota sedan parked in the driveway and radioed for assistance.   Sinclair, who had a left arm and hip injury, reluctantly surrendered to a S.W.A.T. team and hostage negotiator approximately one and one-half hours later.

{¶11}    Detective Elliot Landrau of the Cleveland Police Department ("CPD") reviewed the surveillance video for the Charlie's case and collaborated with Detective Wells of the PPD who was investigating the Sunoco shooting.   They later conducted a joint interview with Sinclair who admitted that he committed both robberies using the same gun.

{¶12} Sinclair told the detectives that he was unable to get out of the door due to his arm injury and that Sposit stood over him, said "f**k you" and fired again. Sinclair shot back, hitting

Sposit.  Sinclair dropped the gun before departing and was shot in the buttocks by Oska, Sr. while he was running out of the door.

{¶13}  The trial judge granted the Crim.R. 29 motion as to the robbery of Russo in Count 11.  The jury returned the following verdict:

| Count | Charge | Verdict Resolution |
|-------|--------|--------------------|
| 1 | Aggravated murder of Sposit, R.C. 2903.01(A) with one- and three-year firearm specifications | Guilty of lesser included offense of murder with specifications |
| 2 | Aggravated murder of Sposit, R.C. 2903.01(B) with one- and three-year firearm specifications | Guilty with specifications |
| 3 | Murder of Sposit, R.C. 2903.02(B) with one- and three-year firearm specifications | Guilty with specifications |
| 4 | Aggravated robbery of Sposit, R.C. 2911.01(A)(3) with one- and three-year firearm specifications | Guilty with specifications |
| 5 | Aggravated robbery of Sposit, R.C. 2911.01(A)(1) with one- and three-year firearm specifications | Guilty with specifications |
| 6 | Felonious assault of Sposit, R.C. 2903.11(A)(1) with one- and three-year firearm specifications | Guilty with specifications |
| 7 | Felonious assault of Oska, Sr., R.C. 2903.11(A)(1) with one- and three-year firearm specifications | Guilty with specifications |
| 8 | Felonious assault of Sposit, R.C. 2903.11(A)(1) with one- and three-year firearm specifications | Guilty with specifications |

| Count | Charge | Verdict Resolution |
|---|---|---|
| 9 | Kidnapping of Sposit, R.C. 2905.01(A)(2) with one- and three-year firearm specifications | Guilty with specifications |
| 10 | Aggravated robbery of Russo, R.C. 2911.01(A)(1) with one- and three-year firearm specifications | Not guilty |
| 11 | Kidnapping of Russo, R.C. 2905.01(A)(2) with one- and three-year firearm specifications | Crim.R. 29 motion for acquittal granted |
| 12 | Aggravated robbery of Merhi, R.C. 2911.01(A)(1) with one- and three-year firearm specifications | Guilty with specifications |
| 13 | Kidnapping of Merhi, R.C. 2905.01(A)(2) with one- and three-year firearm specifications | Guilty with specifications |

{¶14} Counts 1, 2, 3, and 6 merged for sentencing. The state elected to proceed on Count 2. Counts 4, 5, and 9 merged for sentencing. The state elected to proceed on Count 5; Counts 7 and 8 stood alone. Counts 12 and 13 merged for sentencing, and the state elected to proceed on Count 12. The one-year firearm specifications in Counts 2, 5, 7, 8, and 12 merged into the three-year firearm specifications for the respective counts.

{¶15} Sinclair was sentenced to a life sentence with parole eligibility after 50 years with mandatory postrelease control on a number of counts. Sinclair timely appealed.

## III. Assignments of Error

{¶16} Sinclair offers seven assigned errors:

I.     The trial court erred by failing to grant a judgment of acquittal pursuant to Crim.R. 29(A) on the charges as the evidence was insufficient to support the convictions in violation of Appellant's right to Due Process of Law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

II.    Sinclair's convictions are against the manifest weight of the evidence.

III.   The trial court erred by failing to order a separate trial for two separate incidents.

IV.    The trial court erred by admitting other acts testimony in violation of R.C. 2945.59, Evid.R. 404(B) and Sinclair's rights under Article I, Section 10, of the United States Constitution.

V.     The trial court erred by failing to instruct the jury on the lesser included offenses requested by Sinclair.

VI.    Sinclair was denied effective assistance of counsel as guaranteed by Article I, Section 10, of the United States Constitution and the Sixth and Fourteenth Amendments.

VII.   The trial court erred by ordering Sinclair to serve a consecutive sentence without making the appropriate findings under R.C. 2929.14 and HB 86.

## IV.  Discussion

### A.     Sufficiency and Manifest Weight of the Evidence

{¶17}    We combine Sinclair's first and second assigned errors for analysis.

{¶18}    A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence. *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578, ¶ 13.   The Ohio Supreme Court has explained that, "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."   *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶19}    "Sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief."   *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202,

865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387. While an appellate court "may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins* at 387.

{¶20} The sufficiency question is whether, if believed and viewed in a light most favorable to the prosecution, the evidence admitted at trial supported the conviction. *State v. Starks,* 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387. Would "any rational trier of fact" find that "'the essential elements of the crime [have been] proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶21} On the other hand, a manifest weight inquiry requires that "[w]e consider whether the state has met its burden of production at trial." *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541. The appellate court sits "'as a thirteenth juror.'" *Thompkins* at 387, quoting *Tibbs v. Florida,* 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

> "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*Thompkins* at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶22} We consider whether a greater amount of credible trial evidence supports "one side of the issue rather than the other." *Thompkins* at 387. "'Weight is not a question of mathematics, but depends on its effect in inducing belief.'" *Id*., quoting *Black's Law*

*Dictionary* 1594 (6th Ed.1990).

**{¶23}** The record reflects that the Crim.R. 29 motion was proffered on all counts, though Sinclair's appellate brief focuses on Count 2, aggravated murder of Sposit under R.C. 2903.01(B), specifically, that Sinclair is guilty of "purposely causing the death" of Sposit "while committing, attempting to commit, or fleeing immediately after committing" "aggravated robbery" in violation of R.C. 2911.01(A). As the state points out, the elements of aggravated robbery are satisfied and uncontested in this appeal.

**{¶24}** Sinclair argues that the evidence does not support the allegation that he "purposely" caused the death of Sposit and that he was, in fact, defending himself when Sposit stood over him to shoot him again. In addition, he argues, Oska, Sr. grabbed his wrist at this time.

**{¶25}** The culpability statute provides in pertinent part, that "a person acts purposely" "when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby." R.C. 2901.22(A). The commission of the aggravated robbery is the "gist of the offense" in this case, so the mens rea has been satisfied.

**{¶26}** The state argues that a robber knows that he is inviting dangerous resistance, and that forcible defense to defend self, family friends, and property "is a primal human instinct." *State v. Dixon*, 2d Dist. Montgomery No. 18582, 2002-Ohio-541, ¶ 19, citing *State v. Chambers*, 53 Ohio App.2d 266, 373 N.E.2d 393 (9th Dist.1977). Further offered by the state is the premise that "risk of harm to others during the aggravated robbery was reasonably foreseeable." *See*

*also State v. Meek,* 53 Ohio St. 2d 35, 372 N.E.2d 341 (1978). We agree.

**{¶27}** Sinclair was fleeing the scene after commission of an aggravated robbery when Sposit was murdered. We find that Sinclair purposely shot Sposit. The evidence in this case supports the elements of the conviction of aggravated murder.

**{¶28}** We also find that the aggravated murder conviction was not against the manifest weight of the evidence. Sinclair entered into the Sunoco gas station owned and operated by Sposit. Sinclair committed the act of aggravated robbery and attempted to exit the gas station. Sposit was attempting to defend his property when Sinclair pulled his gun out of his pocket and shot him. We find that this is not the exceptional case where reversal is warranted.

**{¶29}** We also reject Sinclair's self-defense argument.

> In Ohio, the affirmative defense of self-defense has three elements: (1) the defendant was not at fault in creating the violent situation, (2) the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape was the use of force, and (3) that the defendant did not violate any duty to retreat or avoid the danger.

*State v. Thomas*, 77 Ohio St.3d 323, 673 N.E.2d 1339 (1997), citing *State v. Williford*, 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990), citing *State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus. Sinclair is unable to meet the first element. He created the situation by engaging in the aggravated robbery. Therefore, we find that Sinclair's self-defense argument fails.

**{¶30}** Appellant's first and second assignments of error are overruled.

**B. Separate Trials**

**{¶31}** Sinclair asserts the trial court erred in failing to require separate trials for the robberies. Sinclair did not file a motion to sever the charges, therefore, we may only consider plain error. Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We consider whether it

is apparent that "[b]ut for the error," "the outcome of the trial clearly would have been different." *Solon v. Woods*, 8th Dist. Cuyahoga No. 100916, 2014-Ohio-5425, ¶ 11. "Notice of plain error should be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*

{¶32} To support a finding of plain error, there must be (1) a deviation from a legal rule constituting error; (2) an "obvious" defect in the trial court proceedings; and (3) the error must have impacted the defendant's "substantial rights," in that the error must have compromised the outcome of the trial. *State v. Pridgett,* 8th Dist. Cuyahoga No. 101823, 2016-Ohio-687, ¶ 26-28, citing Crim.R. 52(B), *State v. Hill*, 92 Ohio St.3d 191, 200, 205, 749 N.E.2d 274 (2001), *State v. Sanders*, 92 Ohio St.3d 245, 257, 750 N.E.2d 90 (2001).

{¶33} Where the requirements of Crim.R. 8(A) are satisfied, the law favors joining multiple offenses in a single trial. *State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377, ¶ 38. Crim.R. 8(A) allows multiple offenses to be joined in a single trial where the offenses are of "similar character," are based on similar transactions or acts, or "are part of a course of criminal conduct.*" Id.* A trial court may grant severance if it appears the defendant would be prejudiced by the joinder. Crim.R. 14; *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 95. Further:

> "A trier of fact is believed capable of segregating the proof on multiple charges when the evidence as to each of the charges is uncomplicated." *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 33, citing *State v. Torres*, 66 Ohio St.2d 340, 343-344, 421 N.E.2d 1288 (1981). Joinder is therefore not prejudicial when the evidence is direct and uncomplicated and can reasonably be separated as to each offense. *Id.*

*State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 22.

{¶34} We find that, in this case, the evidence was direct, uncomplicated, and could

reasonably be separated as to each offense. The acts are similar and constitute a course of conduct. There were two robberies with a gun at different locations that occurred within a one hour time period. The victims were easily identified, and the record reflects due consideration by the jury of each count. The jury reduced the Count One aggravated murder charge to murder and found Sinclair not guilty of the kidnapping of Russo.

{¶35} The testimony as to each victim and the separate events relating to them was distinctive and distinguishable. In addition, the robbery at Charlie's Beverage was a minor part of the proceedings as compared to the bulk of testimony and evidence addressing the events surrounding the Sunoco incident. Sinclair was positively identified by the witnesses at both scenes and video evidence exists for both locations.

{¶36}    Sinclair is unable to demonstrate prejudice. We find the third assignment of error to be without merit.

### C.    Other Acts Testimony

{¶37}    Sinclair's fourth assigned error challenges the admission of other acts evidence in violation of R.C. 2945.59, Evid.R. 404(B), and Article I, Section 10 of the United States Constitution. Sinclair asserts that the evidence introduced regarding the two robberies tainted the jury's ability to determine the separate counts and incidents. In light of our finding that the trial court did not err in entertaining the joined cases, Sinclair's argument hereunder is moot. App.R. 12(A).

### D.    Lesser Included Offense Jury Instruction

{¶38} Sinclair requested instructions on the following lesser included offenses:   (1) voluntary manslaughter and reckless homicide[2] on Count 1 aggravated murder; (2) involuntary

---

[2]    Sinclair does not attack the trial court's denial of this instruction.

manslaughter on Count 3 in commission with an aggravated assault; and (3) aggravated assault on Count 6 felonious assault. The court agreed to provide a lesser included offense instruction of murder on Count 1, and to let the jury decide on the indicted counts, citing *State v. Rhodes*, 63 Ohio St.3d 613, 590 N.E.2d 261 (1992).[3]

**{¶39}** Three types of lesser included offenses may be considered under R.C. 2945.74 and Crim.R. 31(C). *State v. Deem*, 40 Ohio St.3d 205, 207, 533 N.E.2d 294 (1988): "1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses." *Id.*

**{¶40}** Sinclair's entitlement to a lesser included offense instruction turns on satisfying a two-part test: (1) whether the requested charge is a lesser included offense of the current charge; and, if so, (2) whether the evidence in the record supports entitlement to the instruction. *State v. Hill*, 8th Dist. Cuyahoga No. 87645, 2006-Ohio-6425, ¶ 27, citing *State v. Kidder*, 32 Ohio St.3d 279, 280-281, 513 N.E.2d 311 (1987), citing *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294.

**{¶41}** To determine whether the requested charge is a lesser included offense, we consider whether:

> "one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed."

*Middleburg Hts. v. Lasker*, 2016-Ohio-5522, 76 N.E.3d 372, ¶ 24 (8th Dist.), quoting *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889. Where the elements of the

---

[3] A defendant must prove the existence of mitigating factors such as sudden passion, rage, or serious provocation by a preponderance of the evidence. *Rhodes* at 617, affirming trial court's refusal to give voluntary manslaughter instruction for aggravated murder charge. *See also State v. Henry*, 8th Dist. Cuyahoga No. 102634, 2016-Ohio-692, affirming trial court's refusal to give aggravated assault instruction for felonious assault charge, citing *Rhodes*.

requested charge are identical to the actual charge, except for "one or more additional mitigating elements," the requested charge is an inferior degree of the indicted offense. *Deem* at 207.

{¶42} If a "jury could reasonably find the defendant not guilty of the charged offense," but guilty of the lesser included offense, the instruction for the lesser included offense should be given. *Evans* at ¶ 13, citing *Shaker Hts. v. Mosely,* 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 11, citing *State v. Shane*, 63 Ohio St.3d 630, 632-633, 590 N.E.2d 272 (1992).

### 1. Count One Voluntary Manslaughter

{¶43} Voluntary manslaughter is an inferior degree of aggravated murder. *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2017-Ohio-529, ¶ 26, citing *Shane*. Voluntary manslaughter is defined as

> knowingly causing the death of another while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force.

R.C. 2903.03(A).

{¶44} Sinclair was shot as he attempted to leave the scene during his commission of an aggravated robbery. He explains that he shot at Sposit only because of the threat that Sposit was going to shoot him again. Sinclair created the situation.

{¶45} We have already rejected Sinclair's self-defense argument. As the state points out, Sinclair's explanation expresses fear versus rage or serious provocation.

> "Fear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." *State v. Mack*, 82 Ohio St.3d 198, 201, 1998 Ohio 375, 694 N.E.2d 1328 (1998); *see also State v. Harris*, 129 Ohio App.3d 527, 535, 718 N.E.2d 488 (10th Dist.1998) ("evidence * * * that the defendant feared for his own and other's personal safety, does not constitute sudden passion or a fit of rage as contemplated by the voluntary manslaughter statute").

*State v. Thompson,* 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 157.

**{¶46}** We do not find that the evidence presents a mitigating element such as serious provocation pursuant to R.C. 2903.03(A). *Nitsche*, 8th Dist. Cuyahoga No. 103174, 2017-Ohio-529, at ¶ 27. A "jury could not reasonably find" Sinclair "not guilty" of the aggravated murder "but guilty of the lesser included offense" of voluntary manslaughter due to the lack of evidence supporting the elements of the lesser charge. *See Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, at ¶ 13. Therefore, no instruction was required.

### 2. Count Three Involuntary Manslaughter

**{¶47}** The mens rea for murder requires proof that Sinclair acted "purposely" or with the "specific intention to cause" the death of Sposit R.C. 2901.22(A) and 2903.02(A). *State v. Brown,* 8th Dist. Cuyahoga No. 68761, 1996 Ohio App. LEXIS 801, at 24 (Feb. 29, 1996).

**{¶48}** Involuntary manslaughter is described in R.C. 2903.04(A). "[N]o person shall cause the death of another" "as a proximate result of the offender's committing or attempting to commit a felony." *Id*. Involuntary manslaughter is a lesser included offense of murder. *Id.* at 25, citing *State v. Thomas*, 40 Ohio St. 3d 213, 533 N.E.2d 286 (1988), paragraph one of the syllabus, citing *State v. Kidder*, 32 Ohio St.3d 279, 282, 513 N.E.2d 311 (1987).

**{¶49}** "The culpable mental state for the offense of involuntary manslaughter" under R.C. 2903.04(A) "is supplied by the underlying [felony] offense." *State v. Campbell*, 74 Ohio App.3d 352, 358-359, 598 N.E.2d 1244 (1st Dist.1991). Sinclair requested that aggravated assault serve as the underlying felony. R.C. 2903.12(A)(1) governing aggravated assault provides,

> No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> (1) Cause serious physical harm to another or to another's unborn.

*Id.* "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

**{¶50}** Fear alone is not enough to satisfy the mitigation factor. *Thomas,* 2014-Ohio-4751, 23 N.E.3d 1096, at ¶ 157. The requested instruction was not required based on the evidence in this case. Sinclair was aware that firing the gun at Sposit would "probably cause a certain result." *Id.* R.C. 2901.22(B).

### 3.      Count Six Aggravated Assault

**{¶51}** Count 6 charged felonious assault of Oska, Sr. pursuant to R.C. 2903.11(A):

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

**{¶52}** The requested lesser included offense of aggravated assault is governed by R.C. 2903.12:

(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

**{¶53}** "'Aggravated assault is an inferior degree of felonious assault since its elements are identical'" "'except for the additional mitigating element of serious provocation.'" *State v.*

*Parr*, 8th Dist. Cuyahoga No. 103894, 2016-Ohio-5629, ¶ 14, quoting *State v. Ruppart*, 187 Ohio App.3d 192, 2010-Ohio-1574, 931 N.E.2d 627, ¶ 25 (8th Dist.).

**{¶54}** "A finding of not guilty of felonious assault precluded a finding of guilty of aggravated assault, given the identical essential elements of each offense." *Ruppart* at ¶ 1. We reiterate that fear does not constitute serious provocation. *Thomas*, 2014-Ohio-4751, 23 N.E.3d 1096, at ¶ 157. The trial court properly denied the request.

**{¶55}** Sinclair's fifth assignment of error is overruled.

### E.      Ineffective Assistance of Counsel

**{¶56}** Sinclair argues in the sixth assigned error that he was denied the effective assistance of counsel in violation of Article I, Section 10, of the United States Constitution and the Sixth and Fourteenth Amendments, due to counsel's failure to request separate trials. In light of our finding that no error exists for

failure to sever the counts for trial in the third assignment of error, this assigned error is also moot. App.R. 12(A).

### F.      Consecutive Sentences

**{¶57}** The Ohio Supreme Court recently held that a trial court is required to "make three statutory findings" "in order to impose consecutive prison terms for convictions of multiple offenses. *State v. Beasley*, Slip Opinion No. 2018-Ohio-493, ¶ 252, citing R.C. 2929.14(C) and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶58}** First, a trial court must find that consecutive sentences are "necessary to protect the public or to punish the offender. R.C. 2929.14(C)(4)." *Id*. at ¶ 252. Second, a trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public. *Id*." *Id*. The third

requirement is that the trial court make one of the findings set forth in R.C. 2929.14(C)(4)(a). *Id.* The findings must be set forth on the record at the sentencing hearing as well as in the sentencing entry. *Id.* at ¶ 253, citing *Bonnell* at ¶ 37.

{¶59} The findings required by R.C. 2929.14(C)(4)(a-c) are as follows:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶60} The trial court stated,

Now the Court is imposing the sentences consecutively because they're necessary to protect the public. I find that they're not disproportionate to the seriousness of what happened that day, and that the harm meted out was so great that a single prison term does not adequately reflect the seriousness of the defendant's conduct.

(Tr. 937.)

{¶61} The sentencing entry provides,

The state considered all required factors of the law. * * * The court finds that prison is consistent with the purpose of R.C. 2929.11. * * * The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

Journal entry No. 98671105 (Apr. 27, 2017).

{¶62} The trial court addressed each of the requisite elements at the sentencing hearing and accurately journalized the findings. The seventh assigned error is without merit.

## V. Conclusion

{¶63} The trial court's judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
MELODY J. STEWART, J., CONCUR