[Cite as *State v. Phillips*, 2020-Ohio-4748.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109077 |
| v. | : | |
| ERNEST E. PHILLIPS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 1, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634818-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Barth and Brandon A. Piteo, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Ernest E. Phillips ("Phillips") appeals the trial court's decision to not instruct the jury on the inferior offenses of manslaughter and aggravated assault. We affirm.

{¶ 2} Phillips was convicted of murder, an unclassified felony, in violation of R.C. 2903.02(A); murder, an unclassified felony, in violation of R.C. 2903.02(B); felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2); two counts of having weapons while under a disability, third-degree felonies, in violation of R.C. 2923.13(A)(2) and 2923.13(A)(3); and carrying concealed weapons, a fourth-degree felony, in violation of R.C. 2923.12(A)(2). Phillips was sentenced to 19 years and six months' imprisonment.

## I.    Facts and Procedural History

{¶ 3} On November 19, 2018, Phillips entered a gas station convenience store to order corned beef sandwiches from the deli. Upon entry, Phillips was speaking to his girlfriend on his cell phone through FaceTime. Shortly after Phillips entered the store, brothers Roger Ashley ("Roger") and Francisco Ashley ("Francisco") entered the store. Francisco, who admitted to being under the influence of alcohol at the time, interrupted Phillips's conversation with his girlfriend by speaking into the phone. When Phillips became agitated by Francisco's behavior, Francisco told Phillips that he would knock Phillips's head off.

{¶ 4} Roger, who was also under the influence of alcohol and marijuana overheard the conversation between Francisco and Phillips, and told Phillips that he would beat him. With no sound, just video, the surveillance video in the store captured the altercation between the three men. The video showed the two brothers approaching Phillips while he was on the phone. The video also shows that the brothers physically threatened Phillips and blocked the aisles so that Phillips could

not leave the store. The store clerk testified that he heard Roger threaten to beat up Phillips. (Tr. 433-434.) After Francisco approached Phillips a second time, the video shows that Phillips pulled a gun out of his right pocket with his right hand. Phillips did not point the gun at anyone, but kept it down at his side.

{¶ 5} Upon observing the gun, Francisco ran from Phillips and stood between two rows of food items. Roger ran off camera, but came back into view shortly thereafter. While Francisco and Phillips were speaking back and forth to each other, Roger, again confronted Phillips. Phillips was still holding the gun down at his right side. Roger then lunged at Phillips as if he was going to attack Phillips. Phillips raised the gun, Roger began running, and Phillips shot him in the back. Phillips testified that when Roger approached him, Roger stated that Phillips would "meet his maker, you dead b*tch." (Tr. 584.)

{¶ 6} At trial, the trial court instructed the jury on self-defense, but refused to instruct the jury on the inferior offense of voluntary manslaughter. The jury found Phillips guilty, and he was sentenced to prison. Phillips has now filed this timely appeal assigning one error for our review:

> I. The trial court erred when it refused to instruct the jury on the inferior offenses of manslaughter and aggravated assault.

## II. Standard of Review

{¶ 7} "The giving of jury instructions is within the sound discretion of the trial court, and we review it for an abuse of discretion." *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 42, citing *State v. Howard*, 8th Dist.

Cuyahoga No. 100094, 2014-Ohio-2176, ¶ 35. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### III. Law and Analysis

{¶ 8} Phillips argues that the trial court erred when it did not instruct the jury on voluntary manslaughter and aggravated assault.[1]

> A trial court must charge on a lesser included or inferior offense "where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included or inferior offense." *State v. Carter*, 8th Dist. Cuyahoga No. 106462, 2018-Ohio-3671, ¶ 59, citing *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus. In determining whether the instruction is warranted, the trial court views the evidence in the light most favorable to the defendant. *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, 827 N.E.2d 285, ¶ 37. The lesser included or inferior offense instruction is not warranted every time "some evidence" is presented to support the lesser offense. *State v. Shane*, 63 Ohio St.3d 630, 632, 590 N.E.2d 272 (1992). Rather, a court must find sufficient evidence to allow a jury to reasonably reject the greater offense and find the defendant guilty on the lesser included or inferior offense. *Carter*, citing *Shane* at 632-633.

*State v. Burkes*, 8th Dist. Cuyahoga No. 106412, 2018-Ohio-4854, ¶ 24.

{¶ 9} Voluntary manslaughter is an inferior offense of aggravated murder, because "'its elements are contained within the indicted offense, except for one or more additional mitigating elements.'" *State v. Tyler*, 50 Ohio St.3d 24, 36, 553 N.E.2d 576 (1990), quoting *State v. Deem*, 40 Ohio St.3d 205, 209, 533 N.E.2d 294

---

[1] In Phillips's brief, he did not address the issues of involuntary manslaughter or aggravated assault, but rather focused on voluntary manslaughter only. App.R. 16(A)(7).

(1988). "Whether the mitigating circumstances of provocation are shown in this case, and therefore whether the evidence presented would reasonably support a conviction for voluntary manslaughter, depend on whether the terms of the voluntary manslaughter statute are met." *Shane* at 633.

{¶ 10} Ohio's voluntary manslaughter statute, R.C. 2903.03, reads, in part,

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another or the unlawful termination of another's pregnancy.

{¶ 11} Whether the provocation was reasonably sufficient to prompt sudden passion or a sudden fit of rage involves both an objective and a subjective analysis. *Shane*, 63 Ohio St.3d at 634, 590 N.E.2d 272. For the objective standard, the alleged provocation by the victim must be reasonably sufficient to incite deadly force, meaning "it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *Id.* at 635. For the subjective standard, the defendant in the particular case must have actually acted under the influence of sudden passion or in a sudden fit of rage. *Id.* at 634-635. The subjective component, the "emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time," will only be considered if the defendant has satisfied the objective component. *Id.*

{¶ 12} The determination of what is reasonable provocation is a question of fact for the factfinder. *State v. Roberts*, 8th Dist. Cuyahoga No. 90998, 2009-Ohio-1605, ¶ 22, citing *Shane* at 632. The standard of what constitutes adequate

provocation is "that provocation which would cause a reasonable person to act out of passion rather than reason." *Shane* at 634.

{¶ 13} At trial, the trial court instructed the jury on the definition of self-defense. (Tr. 673.) However, the trial court denied the appellant's request for a jury instruction on voluntary manslaughter. (Tr. 627-630; 650-656.) In its reasoning, the trial court stated, "I can say as a matter of law, that the evidence here doesn't support the existence of, and I'm paraphrasing, the elements of the voluntary manslaughter statute. Sudden passion or fit of rage sufficient to, essentially, provoke the response that was given in this case." (Tr. 654.)

{¶ 14} Phillips contends that he was upset at Roger for threatening to kill him. However, neither the facts of the case nor the surveillance video demonstrates that Phillips was under the influence of sudden passion or in a sudden fit of rage. The evidence reveals the Ashley brothers were both much larger than Phillips in height and body weight. Both Roger and Francisco threatened Phillips and looked as if they were going to physically attack Phillips. The gas station clerk stated that he heard Roger threatening Phillips with physical violence. When Phillips displayed his gun, he did not wave it around or point it at the two men. He held the gun down by his side, and only when Roger lunged at him, did he raise the gun.

{¶ 15} These facts and surveillance video support Phillips's contentions that he was fearful for his life and had no means of escaping the store. Although only the Ashley brothers were involved in the altercation with Phillips, there was a third man that entered the store with the brothers. Once Phillips displayed his gun, Francisco

and this third man blocked the food aisle that led to the exit, so that Phillips could not leave the store. We find that these facts supported an instruction for self-defense; however, they did not demonstrate the elements of a sudden passion or rage, which would have supported an instruction for voluntary manslaughter.

{¶ 16} Moreover, the fact that Roger threatened to kill Phillips is not enough to support reasonable provocation. Ohio courts have held that for purposes of voluntary manslaughter, words alone will not generally constitute reasonably sufficient provocation. *Shane*, 63 Ohio St.3d at 637, 590 N.E.2d 272; *State v. Carter*, 8th Dist. Cuyahoga No. 106462, 2018-Ohio-3671, ¶ 63. Similarly, fear alone is insufficient support for reasonable provocation. *State v. Sinclair*, 8th Dist. Cuyahoga No. 105726, 2018-Ohio-3363, ¶ 45. If, as a matter of law, no reasonable jury could find that the provocation was adequate, the judge may refuse to give a voluntary manslaughter instruction. *State v. Lee*, 10th Dist. Franklin No. 17AP-908, 2018-Ohio-3957, ¶ 49.

{¶ 17} We find that Phillips has not demonstrated that his actions were caused by sudden passion or a fit of rage. "When reasonably sufficient evidence of provocation has not been presented, no jury instruction on voluntary manslaughter should be given." *Shane* at 638. Therefore, we find that the trial court did not err or abuse its discretion in refusing to instruct the jury on voluntary manslaughter.

{¶ 18} Additionally, while Phillips's assignment of error refers to the trial court's failure to instruct on manslaughter and aggravated assault, Phillips's brief only presented arguments related to *voluntary* manslaughter. In his statement of

the case and facts, Phillips asserts that the trial court should have instructed the jury as to *involuntary* manslaughter as a lesser included offense to Count 2, murder, and aggravated assault as a lesser included offense of felonious assault, Count 3. However, Phillips did not offer any arguments directly related to these offenses and instead only concentrated on voluntary manslaughter.

{¶ 19} App.R. 16(A)(7) requires

an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.

We may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). See App.R. 12(A)(2). We may also disregard an assignment of error if an appellant fails to set forth an argument in support of that assignment of error. *Roth v. Roth*, 8th Dist. Cuyahoga No. 89141, 2008-Ohio-927, ¶ 71 ("[I]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.").

*Taddeo v. Bodanza*, 8th Dist. Cuyahoga No. 100704, 2014-Ohio-3719, ¶ 11.

{¶ 20} Phillips's sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
MARY EILEEN KILBANE, J., CONCUR